# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | David H. Coar | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 73 C 334 | **DATE** | 8/22/2002 |
| **CASE TITLE** | James and Joyce Ferrell, et. al. vs. U.S. Department of Housing and Urban Development | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Defendant's Motion to Vacate

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set forth in the attached Memorandum Opinion and Order, the U.S. Department of Housing and Urban Development's motion to vacate the Amended Stipulation is GRANTED [631-1]. The consent decree must be modified pursuant to Fed. R. Civ. P. 60(b) to vacate HUD's obligation to operate the mortgage assignment program as to mortgages for which the mortgagor applied to participate in the program after April 26, 1996. The consent decree is preserved as to mortgages for which application to the program was made prior to April 26, 1996.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 28 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| X | Docketing to mail notices. | | | 634 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| klb (lc) | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |



IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JAMES AND JOYCE FERRELL, et. al., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> UNITED STATES DEPARTMENT OF ) <br> HOUSING AND URBAN DEVELOPMENT, ) <br> et. al., ) <br> ) <br> Defendants. ) | No. 73 C 334 <br><br> HONORABLE DAVID H. COAR |

## MEMORANDUM OPINION AND ORDER

Currently before this Court is the United States Department of Housing and Urban Development's ("HUD") motion to vacate its obligation under the amended stipulation entered in this case, which superseded the consent decree in the class action under the National Housing Act, to operate a mortgage assignment program or equivalent substitute. For the reasons set forth below, HUD's motion is granted.

**Factual Background**

In 1973, the plaintiffs filed a nationwide class action on behalf of a class of low and moderate income individuals who sought mortgage foreclosure relief from HUD. Plaintiffs alleged that HUD had violated the National Housing Act, 12 U.S.C. §§ 1709, 1715z ("Housing Act"), by failing to provide foreclosure avoidance assistance to the plaintiffs. In Brown v. Lynn, 385 F.Supp. 986 (N.D. Ill. 1974), it was determined that the Housing Act obligated HUD to provide mortgage foreclosure avoidance assistance to mortgagors in default. See id. at 998-99.

On July 29, 1976, HUD entered into a consent decree agreeing to implement a program to accept assignments of insured mortgages in default (the "assignment program") in order to provide foreclosure assistance to homeowners experiencing temporary financial distress. See Ferrell v. Pierce, 560 F. Supp. 1344, 1348 (N.D. Ill. 1983), aff'd, 743 F.2d 454 (7th Cir. 1984). In August 1979, the parties agreed to an Amended Stipulation, which was approved by the federal court in November 1979. Although HUD's specific duties under the Amended Stipulation terminated in 1984, paragraph 14 of the Stipulation sets forth the following continuing requirement:

> The termination of the Department's specific obligations under this Amended Stipulation shall not diminish or compromise the Department's obligation construed under the National Housing Act as amended, and Section2 of the Housing and Urban Development Act of 1968 to provide foreclosure avoidance relief for mortgagors in temporary financial distress, and the Department shall provide assistance or relief in the form of the present assignment program or an equivalent substitute to permit mortgagors in default on their mortgages to avoid foreclosure and to retain their homes during periods of temporary financial distress.

(Am. Stip. ¶ 14.)

In 1996, Congress enacted the Balanced Budget Downpayment Act, I, Pub. L. No. 104-99, 110 Stat. 26 (Jan 26, 1996) ("the Downpayment Act"). Section 407 of the Downpayment Act amended Section 230 of the Housing Act. The former Section 230 authorized the Secretary to operate the assignment program. The amended Section 230, 12 U.S.C. § 1715u, authorizes the Secretary to operate a partial claim program and to accept assignments of defaulted mortgages when the mortgagee has modified the mortgage to cure the default and to provide for mortgage payments within the mortgagor's reasonable ability to pay. See id. § 1715u(b) & (c). The amended Section 230 also requires mortgagees to engage in certain loss mitigation actions to

provide alternatives to foreclosure upon the default of any HUD-insured mortgage but express excludes the assignment of mortgages. See id. § 1715u(a). Section 230 further provides that "[n]o provision of this chapter, or any other law, shall be construed to require the Secretary to provide an alternative to foreclosure for mortgagees with mortgages ... insured by the Secretary under this chapter, or to accept assignments of such mortgages." Id. § 1715u(f). Finally, the section provides that "[n]o decision by the Secretary to exercise or forego exercising any authority under this section shall be subject to judicial review." Id. § 1715u(d).

Since the effective date of the Downpayment Act, April 26, 1996, the defendants have refused to accept applications under the mortgage assignment program approved in the Amended Stipulation. On September 27, 1996, HUD filed a motion to vacate its obligation under the Amended Stipulation to operate the mortgage assignment program or an equivalent substitute. On October 2, 1996, the plaintiffs filed a motion to hold HUD in civil contempt for failing to comply with the Amended Stipulation. The plaintiffs' motion requested that this Court order HUD to reinstate the assignment program or an equivalent substitute pending the Court's ruling on HUD's motion to vacate the Amended Stipulation. This Court treated plaintiff's motion as one for a preliminary injunction. On November 21, 1996, this Court denied plaintiff's motion because plaintiff had not presented evidence of irreparable injury. Ferrell v. HUD, No. 73 C 334, 1996 WL 680245, 1996 U.S. Dist. Lexis 17393 (N.D. Ill. Nov. 21, 1996). The plaintiffs subsequently filed a renewed motion supported by evidence of irreparable harm that would result form HUD's termination of the assignment program.

On March 31, 1998, this Court issued a memorandum opinion and order granting a preliminary injunction against HUD. The preliminary injunction required HUD to reinstate

"either the assignment program or an 'equivalent' substitute, in the form of a mandatory partial claim program, until further order from [the] court." Ferrell v. HUD, No. 73 C 334, 1998 WL 160916, at *8, 1998 U.S. Dist. LEXIS 4686 at *22 (N.D. Ill. Mar. 31, 1998). HUD appealed the preliminary injunction. While the case was on appeal, Congress enacted the Veterans Affairs and HUD Appropriations Act, Pub. L. No. 105-276, 112 Stat. 2461 (Oct. 21, 1998) ("the Appropriations Act"). The Appropriations Act further amended Section 204 of the Housing Act. The new Section 204(a)(9) (12 U.S.C. § 1710(a)(9)), titled "Treatment of mortgage assignment program," states:

> Notwithstanding any other provision of law, or the Amended Stipulation entered as a consent decree on November 8, 1979, in Ferrell v. Cuomo, No. 73 C 334 (N.D. Ill.), or any other order intended to require the Secretary to operate the program of mortgage assignment and forbearance that was operated by the Secretary pursuant to the Amended Stipulation and under the authority of section 230 [12 U.S.C. § 1715u], prior to its amendment by section 407(b) of the Balanced Budget Downpayment Act, I (Public Law 104-99; 110 Stat. 45) [Pub. L. 104-99, Title IV, § 407(b), Jan. 26, 1996, 100 Stat. 45], no mortgage assigned under this section may be included in any mortgage foreclosure avoidance program that is the same or substantially equivalent to such a program of mortgage assignment and forbearance.

12 U.S.C. § 1710(a)(9). Section 204(f) of the Appropriations Act amends Section 230 of the Housing Act to *require* mortgagees to engage in loss mitigation actions but excludes from such actions the assignment of mortgages to the Secretary. See 12 U.S.C. § 1715u(a).

The Seventh Circuit issued an opinion reversing and remanding the case on July 26, 1999. See Ferrell v. HUD, 186 F.3d 805 (7th Cir. 1999). The Seventh Circuit concluded that "Congress' enactment of the Downpayment Act has rendered HUD's continued operation of the mortgage assignment program statutorily unauthorized." Ferrell v. HUD, 186 F.3d at 813.

**Discussion**

HUD argues that in light of the Seventh Circuit's ruling, the consent decree must be modified pursuant to Federal Rule of Civil Procedure 60(b) ("Rule 60(b)") to vacate HUD's obligation to operate the mortgage assignment as to mortgages for which the mortgagor applied to participate in the program after April 26, 1996. Plaintiffs argue, however, that HUD still has statutory authority under Section 230(a) of the Housing Act, 12 U.S.C. § 1715u(a), to operate an equivalent substitute in the form of a mandatory "loss mitigation" program as required by the Appropriations Act. Thus, the plaintiffs maintain that HUD does not meet the well-established standards for modification of a consent decree on account of a change in the law. HUD and the plaintiffs agree that the consent decree should be preserved as to mortgages for which application to the assignment program was made prior to April 26, 1996 because those mortgages fall within a savings clause enacted by Congress.

Rule 60(b) provides that:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons ... (5) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application.

A consent decree, such as the Amended Stipulation, like any other final judgment or order is subject to modification pursuant to the Federal Rules. See Rufo v. Inmates of Suffolk County Jail, et al., 502 U.S. 367 (1992) (applying Rule 60(b) standards to consent decrees). In Rufo, the Supreme Court held that to obtain modification of a consent decree, the moving party must establish that: (1) a significant change in circumstances warrants revision of the decree; and (2) the proposed modification is suitably tailored to the changed circumstance. Id. at 383.

In order to meet its initial burden – that a significant change in circumstances warrants revisions – a party can show "a significant change in either factual conditions or in law." Id. at 384. See also Ferrell v. HUD, 186 F.3d at 813-14 ("[A] change in the law can require modification of a consent decree."). A consent decree "must of course be modified if, as it later turns out, one or more of the obligations placed upon the parties has become impermissible under federal law." Rufo, 502 U.S. at 388. In this case, Congress clearly expressed its intent in the Appropriations Act that HUD cease operating the mortgage assignment program or including a mortgage assigned under this section in a program that is "substantially equivalent to such a program of mortgage assignment and forbearance." 12 U.S.C. § 1710(a)(9). Moreover, §1715u(d) gives the HUD Secretary broad discretion, purportedly unreviewable by the courts. While Section 230 of the Housing Act requires mortgagees to engage in loss mitigation actions, Congress expressly prohibited judicial review of any decision of the Secretary "to exercise or forego exercising any authority under this section." 12 U.S.C. § 1715u(d). Therefore, this Court can not, as plaintiffs urge, require HUD to operate a mandatory loss mitigation program because the decision to do so rests squarely within the Secretary's discretion. Thus, Rufo require this Court to modify the consent decree and vacate HUD's obligations to provide foreclosure avoidance assistance as to mortgages for which the mortgagor did not apply for assignment prior to April 26, 1996.

The second prong of the Rufo analysis examines the nature of the proposed modification. Where, as here, a modification is necessary because of a change in law, "the focus should be on whether the proposed modification is tailored to resolve the problems created by the change in circumstances." Rufo, 502 U.S. at 391. Although the Secretary may not operate a mortgage

-6-

assignment program or equivalent substitute prospectively from April 26, 1996, section 221(b) of the 1996 Rescissions Act requires that the Secretary preserve the benefits of the prior statutory scheme for any mortgage where the mortgagor applied to the Secretary for assignment prior to April 26, 1996. Under section 221(b), such mortgages are governed by the provisions of section 230(b) of the Housing Act as it existed immediately before enactment of the Downpayment Act. Thus, in order to tailor the modification to resolve the problems created by the enactment of the Downpayment Act and the Appropriations Act, this court must preserve the rights of those mortgagors who applied for assignment prior to April 26, 1996.

## Conclusion

For the foregoing reasons, HUD's motion to vacate its obligations under Amended stipulation is GRANTED. The consent decree must be modified to vacate HUD's obligation to operate the mortgage assignment program as to mortgages for which the mortgagor applied to participate in the program after April 26, 1996. The consent decree is preserved as to mortgages for which application to the program was made prior to April 26, 1996.

Enter:

David H. Coar
United States District Judge

Dated: August 22, 2002